ESTATE OF EDWARD J. O'BRIEN, DECEASED, JOSEPH PATRICK O'BRIEN, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of O'Brien v. Commissioner
Docket No. 48274-86.
United States Tax Court
T.C. Memo 1988-240; 1988 Tax Ct. Memo LEXIS 269; 55 T.C.M. (CCH) 977; T.C.M. (RIA) 88240; May 26, 1988. Joseph Patrick O'Brien and Frank W. Daly, for petitioner. Greely Curtis and John G. Kissane, for respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined *270 a deficiency of $ 96,153.72 in Federal Estate tax due from the estate of Edward J. O'Brien. The issue we must decide is whether decedent's disclaimer of his wife's interest in jointly held property passing to him by right of survivorship was a qualified disclaimer pursuant to section 2046[1] and section 2518. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. Edward J. O'Brien ("decedent") died testate on January 19, 1983. His wife, Mary Ryan O'Brien, predeceased him on December 30, 1982. Both were residents of Chestertown, Maryland at the time of their deaths. Joseph Patrick O'Brien was named the executor of both estates. Mr. O'Brien maintains an office in Media, Pennsylvania. A federal estate tax return was filed on behalf of decedent's estate on October 21, 1983. The Last Will and Testament of Mary Ryan O'Brien was executed May 21, 1964, and amended by a First Codicil dated April 29, 1976, and a Second Codicil dated November 6, 1981. On March 31, 1983, decedent's estate filed a Disclaimer of Property *271 Interest (the "Disclaimer") in the Office of the Register of Wills for Kent County, Maryland, pursuant to which the estate did disclaim, renounce and refuse to receive any inheritance that would have passed to or for the benefit of Edward J. O'Brien whether outright or in trust under that certain Last Will and Testament of Mary R. O'Brien and any Codicil thereto which has been offered for probate in the Office of the Register of Wills of Kent County, Maryland.
The Disclaimer further provided that decedent's estate does hereby disclaim that certain separate interest which would devolve to Edward J. O'Brien by right of survivorship in those certain securities and those certain deposits in financial institutions which are listed hereafter, to the extent that a disclaimer of that "separate interest" does constitute a qualified disclaimer for Federal gift tax purposes under the Internal Revenue Code as amended. This disclaimer is made in reliance on that comment in Section 9-201 of the Estates and Trust Article of the Annotated Code of Maryland which recites that disclaimers are permitted: (5) * * * of any interest in property which otherwise would devolve to the disclaimant *272 by right of survivorship. In the case of a tenancy by the entireties, even though the actuarial factors for the spouses may differ, the interest which would devolve by right of survivorship is an undivided one-half (1/2) interest in the property.
The executor also executed the Disclaimer in his capacity as executor of the estate of Mary Ryan O'Brien to indicate that estate's written consent to the Disclaimer. The survivorship interest in the securities that was the subject of the Disclaimer pertained to certain shares of stock acquired by decedent and Mary Ryan O'Brien as joint tenants with right of survivorship or as tenants by the entireties between 1949 and 1980. In the Fall of 1981, decedent and Mary Ryan O'Brien transferred all of this stock to Joseph Patrick O'Brien as their attorney-in-fact and agent. He in turn deposited the shares with Shearson American Express in "street name" [2] on behalf of decedent and his spouse. In the winter of 1982, decedent and Mary Ryan O'Brien requested that the shares be reissued directly to them for their possession as joint tenants with right of survivorship. The shares were reissued to them on March 29, 1982. *273 At the time of the death of Mary Ryan O'Brien, she and decedent held two bank accounts as joint tenants with right of survivorship: (i) $ 19,709,80 at Maryland national Bank and (ii) $ 11,129.25 at First Keystone Federal Savings and Loan Association. These two accounts were the "deposits in financial institutions" referred to in the Disclaimer. The record does not indicate when these accounts were opened. On January 14, 1983, after the death of Mary Ryan O'Brien but before decedent's death, Joseph Patrick O'Brien closed the Maryland National Bank Account and consolidated the funds therefrom with the First Keystone Federal Savings and Loan account for ease of administration. Decedent did not otherwise possess or use any of the monies in the accounts. One-half of the original value of each account was omitted from decedent's gross estate pursuant to the Disclaimer. No stocks or bonds were acquired by decedent and Mary Ryan O'Brien during the nine month period preceding the filing of the Disclaimer on March 31, 1983. Decedent accepted no benefit from the renounced interests in the joint bank accounts or stock. In his notice of deficiency dated October 2, 1986, respondent determined *274 that the shares of stock that were the subject of the Disclaimer should be included in decedent's gross estate. Respondent also increased decedent's gross estate by $ 4,652.45 based on his determination that the fair market value of the First Keystone Federal Savings and Loan Association account as of the date of decedent's death was $ 22,926.43 rather than $ 18,273.98 as reported on the estate tax return. [3] Petitioner timely filed its petition contesting the deficiencies on December 23, 1986. The resolution of this case turns on whether the period for testing the timeliness of decedent's Disclaimer pursuant to sections 2046[4] and 2518 began on the date of death of decedent's wife, Mary Ryan O'Brien, or on the dates when the joint tenancies in *275 the stock and the bank accounts were created. Petitioner argues, relying on Kennedy v. Commissioner,804 F.2d 1332 (7th Cir. 1986), revg. a Memorandum Opinion of this Court, that the proper time for evaluating the effect of the Disclaimer began on the date of Mary Ryan O'Brien's death. In a recent Court-reviewed opinion, however, we declined to follow the Seventh Circuit and reaffirmed our rationale and holding in our Memorandum Opinion in Kennedy[5] that the proper time for measuring the timeliness of a disclaimer pursuant to the Supreme Court's analysis in Jewett v. Commissioner,455 U.S. 305 (1982), begins on the date the joint tenancy is created. McDonald v. Commissioner,89 T.C. 293 (1987). *276 McDonald involved facts substantially similar to those in the instant case. We decline the invitation to reconsider our holding in McDonald and adhere to our reasoning in that case. [6]
In McDonald, a husband and wife held real property in joint tenancies created prior to 1976.[7] The wife disclaimed her survivorship interest in her husband's undivided one-half interest in the property on September 23, 1981, within nine months of his death. The issue we addressed was whether, to be timely, a disclaimer of a survivorship interest in jointly held property must be made within reasonable proximity to (1) the creation of the joint tenancy or (2) the death of a joint owner. We reviewed the reasoning of this Court and of the Seventh Circuit in Kennedy and concluded that our reasoning was more consonant *277 with the Supreme Court's opinion in Jewett v. Commissioner,455 U.S. at 305. We, therefore, held that the wife's purported disclaimer of her survivorship interest in 1981 was not valid because it was not made within a reasonable time of the creation of the joint tenancies. McDonald v. Commissioner,89 T.C. at 300-301. Although this case presents an estate tax issue while McDonald presented a gift tax issue, section 2518 also governs disclaimers under the estate tax provisions. Section 2046. Consequently, our reasoning in McDonald applies with equal force to this case. The joint tenancies of decedent and Mary Ryan O'Brien in various shares of stock were created between 1949 and 1981. The record does not indicate when the joint bank accounts were created, but petitioner does not argue that they were created at any time within nine months of March 31, 1983, when decedent filed his Disclaimer. [8] As a result the attempted *278 disclaimer was not made within a reasonable time of the creation of the joint tenancies and, therefore, was not timely. Section 2518(b)(2)(A). Decedent's survivorship interests in the joint tenancies are thus includible in this estate. [9]
*279 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect on the date of decedent's death. ↩
2. Securities carried in "street name" are held in the name of the broker rather than the customer. The customer, in this case decedent and his wife, remains the true owner. ↩
3. The parties stipulated that the additional amount included in decedent's estate represents that part of the Maryland national Bank account that respondent determined should be included in decedent's gross estate. Presumably the increased fair market value of the Keystone Federal Savings and Loan account referred to in the notice of deficiency resulted from the consolidation of that account with the Maryland National Bank account. ↩
4. Section 2046, the disclaimer provision for the estate tax, provides, "For provisions relating to the effect of a qualified disclaimer for purposes of this chapter, see section 2518." Section 2518 provides in part, SEC. 2518. DISCLAIMERS. (a) General Rule. -- For purposes of this subtitle, if a person makes a qualified disclaimer with respect to any interest in property, this subtitle shall apply with respect to such interest as if the interest had never been transferred to such person. (b) Qualified Disclaimer Defined. -- For purposes of subsection (a), the term "qualified disclaimer" means an irrevocable and unqualified refusal by a person to accept an interest in property but only if -- (1) such refusal is in writing, (2) such writing is received by the transferor of the interest, his legal representative, or the holder of the legal title to the property to which the interest relates not later than the date which is 9 months after the later of -- (A) the day on which the transfer creating the interest in such person is made, or (B) the day on which such person attains age 21, (3) such person has not accepted the interest or any of its benefits, and (4) as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer and passes either -- (A) to the spouse of the decedent, or (B) to a person other than the person making the disclaimer.↩
5. Kennedy v. Commissioner,T.C. Memo. 1986-3, revd. 804 F.2d 1332↩ (7th Cir. 1986). 6. At the hearing on this case held at Philadelphia, Pennsylvania on March 21, 1988, we informed petitioner that we would not reconsider our holding in McDonald.↩ We, therefore, did not request briefs from the parties. Petitioner recognizes that the precedent in this Court is against it but has proceeded with the case to preserve the right to take an appeal. 7. The McDonald case was submitted fully stipulated and the parties did not provide the dates of the creation of the joint tenancies. See McDonald v. Commissioner,89 T.C. 293, 300↩ n.19 (1987). 8. To the extent that any of the joint tenancies were created prior to 1977, section 2518(b) does not apply. See Pub. L. 94-455, sec. 2009(b)(1), (e)(2), 90 Stat. 1893 (adding section 2518(b) effective for transfers creating an interest in the person disclaiming made after December 31, 1976). The result in this case, however, is the same whether or not we apply section 2518(b). Under prior law, a disclaimer was valid if made within a reasonable time of the creation of a joint tenancy. Section 25.2511-1(c), Gift Tax Regs. (as in effect prior to amendment by T.D. 8095,1986- 35 I.R.B. 6); Jewett v. Commissioner,455 U.S. 305 (1982); McDonald v. Commissioner,89 T.C. at 300-301. Pursuant to section 2518(b)↩, a disclaimer generally must be made within nine months of the creation of a joint tenancy. Decedent's disclaimer was not made within nine months or a reasonable time of the creation of the joint tenancies at issue in this case. 9. Petitioner does not argue that Maryland law relating to the creation of joint interests in property requires a different result nor has our research of Maryland law revealed any case or statute that would do so. ↩